**FILED**

2011 NOV -3  A 11: 40

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

John N. Jennison
JENNISON & SHULTZ, P.C.
2001 Jefferson Davis Hwy., Suite 1102
Arlington, Virginia 22202
(703) 415-1640
(703) 415-0788 (fax)
*John@JennisonLaw.com*

John P. Margiotta
Alexander L. Greenberg
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, New York  10017
(212) 813-5900
(212) 813-5901 (fax)
*jmargiotta@fzlz.com*
*agreenberg@fzlz.com*

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

------------------------------------------------------------x
                                                            :
THE GAP, INC. and GAP (APPAREL) LLC,                        :
                                                            :
                                        Plaintiffs,         :        Civil Action No. *1:11 CV 1199*
                                                            :                         *AJT/TRJ*
        -against-                                           :
                                                            :        **COMPLAINT**
THEGAP.COM,                                                 :
                                                            :
                                        Defendant.          :
------------------------------------------------------------x

Plaintiffs The Gap, Inc. and Gap (Apparel) LLC ("Gap" or "Plaintiffs"), by their

undersigned attorneys, for their Complaint allege as follows:

## SUBSTANCE OF THE ACTION

1.      This is an action *in rem* brought under the Anticybersquatting Protection

Act ("ACPA"), 15 U.S.C. § 1125(d), against the Internet domain name *thegap.com*.

{F0841381.2}

Pursuant to the ACPA, Plaintiffs seek an order compelling the owner of the relevant domain name registry, VeriSign Global Registry Services ("VeriSign"), to transfer the defendant domain name to Plaintiffs.

## THE PARTIES

### A.    Plaintiffs

2.      Plaintiff The Gap, Inc. is a Delaware corporation with its principal place of business at 2 Folsom Street, 13th Floor, San Francisco, California  94105.

3.      Plaintiff Gap (Apparel) LLC is a California limited liability company with its principal place of business at 2 Folsom Street, 13th Floor, San Francisco, California 94105.

4.      Gap (Apparel) LLC is a fully owned subsidiary of The Gap, Inc.

5.      Gap owns, uses, and has registered worldwide the world-famous name and mark GAP in connection with its retail clothing business.

6.      Gap (Apparel) LLC owns the GAP-inclusive marks in the U.S.

### B.    Defendant *thegap.com*

7.      Defendant *thegap.com* is a domain name.

8.      The registry for the *thegap.com* domain name is VeriSign, located at 21355 Ridgetop Circle, Dulles, Virginia 20166.

9.      Upon information and belief, the current domain name registrar holding the *thegap.com* domain name is Directi Internet Solutions Pvt. Ltd. d.b.a. PublicDomainRegistry.com, located at Directiplex, Old Nagardas Road, Andheri (East), Mumbai, Maharashtra 400069, India.

{F0841381.2 }

10.     Upon information and belief, on or about March 18, 1994, an entity identifying itself by the name The Gap Entertainment ("TGE") registered the *thegap.com* domain name with PublicDomainRegistry.com.

11.     Upon information and belief, TGE is responsible for and controls the *thegap.com* domain name, including its registration and use, and the creation of any websites that have appeared at that domain name, and profits from the use of such domain name.

12.     Upon information and belief, TGE's registration of the *thegap.com* domain name will expire on or about March 19, 2012.

13.     In the registration record for the *thegap.com* domain name, TGE failed to identify its postal address other than specifying the city and country as Mumbai, India. TGE listed its email address as contact@thegap.com.

14.     On August 9, 2011, Gap, through counsel, submitted a WhoIs Data Problem Report to the Internet governing body, Internet Corporation for Assigned Names and Numbers (ICANN), in order to compel TGE to update its mailing address with the registrar for the defendant domain name.   A true and correct copy of the confirmation email regarding the WhoIs Data Problem Report submitted by Gap is attached hereto as **Exhibit A.**

15.     Upon information and belief, subsequent to Gap's submission of the WhoIs Data Problem Report, TGE has updated the WhoIs record for *thegap.com* domain name to avail itself of the services of PrivacyProtect.org and thus hide the underlying registrant information.

{F0841381.2 }

## JURISDICTION

16.     This Court has subject matter jurisdiction under Section 39 of the Lanham

Act, 15 U.S.C. § 1121, and under Sections 1331 and 1338(a) and (b) of the Judicial Code,

28 U.S.C. §§ 1331, 1338(a) & (b).

17.     The Court has *in rem* jurisdiction over the *thegap.com* domain name

pursuant to Section 43(d)(2)(A) of the Lanham Act, 15 U.S.C. §1125(d)(2)(A).  That

section provides:

> The owner of a mark may file an *in rem* civil action against
> a domain name . . . if:
>
> > (i) the domain name violates any right of the owner of a
> > mark that is registered in the Patent and Trademark
> > Office, or protected under subsection (a) or (c) of this
> > section [15 U.S.C. § 1125]; and
> >
> > (ii) the court finds that the owner –
> >
> > > (I) is not able to obtain in personam jurisdiction
> > > over a person who would have been a defendant in a
> > > civil action under [15 U.S.C. § 1125(d)(1)]; or
> > >
> > > (II)  through due diligence was not able to find a
> > > person who would have been a defendant in a civil
> > > action under [15 U.S.C. § 1125(d)(1)] by –
> > >
> > > > (aa)   sending a notice of the alleged violation
> > > > and intent to proceed under this paragraph to the
> > > > registrant of the domain name at the postal and
> > > > e-mail address provided by the registrant to the
> > > > registrar; and
> > > >
> > > > (bb)  publishing notice of the action as the court
> > > > may direct promptly after filing the action.

18.     Consistent with the requirements of 15 U.S.C. § 1125(d)(2)(A)(i), as set

forth below, the domain name *thegap.com* violates Gap's rights in the GAP Marks, which

{F0841381.2 }

are registered in the Patent and Trademark Office and are protected under 15 U.S.C.
§ 1125(a).

19.     Consistent with the requirements of 15 U.S.C. § 1125(d)(2)(A)(ii), Gap is
not able to obtain *in personam* jurisdiction over any person who would have been a
defendant in a civil action under 15 U.S.C. § 1125(d)(1) with respect to the domain name
*thegap.com*.  Upon information and belief, the registrant of the domain name, TGE, is an
entity based in India with insufficient contacts in the United States that would subject
TGE to personal jurisdiction in this or any other court in the United States.

20.     Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa), on August 10, 2011,
Gap, through counsel, sent a letter to TGE's email address identified in TGE's
*thegap.com* domain name registration, *contact@thegap*.com, informing TGE of the
claimed violation of the ACPA and other laws, and advising it of Gap's intent to proceed
with this *in rem* action under the ACPA if necessary.  A true and correct copy of the
August 10, 2011 letter to TGE is attached hereto as **Exhibit B**.

21.     Subsequent to the change in the registrant information following Gap's
submission of the WhoIs Data Problem Report, Gap sent another letter pursuant to
15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa) addressed to *contact@privacyprotect.org* (the only
point of contact listed in the updated WhoIs information), on October 27, 2011.  A true
and correct copy of this letter to PrivacyProtect.org is attached hereto as **Exhibit C**.

22.     Gap is unable to send the same notice by mail.

23.     Consistent with the requirements of 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb),
Gap will publish notice of this action as the Court may direct promptly after filing the
action.

{F0841381.2 }

## VENUE

24.      Venue is proper in this district under Section 43(d)(2)(A) of the Lanham

Act, 15 U.S.C. §1125(d)(2)(A), because the registry for the domain names, VeriSign, is

located in this District and because the provision's other requirements have been met, as

set forth above.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A.      Gap and the GAP Marks

25.      Gap was established in 1969 with its first store in San Francisco,

California, which sold jeans and records.  Gap expanded its business to casual apparel

products in 1974.  Gap enjoyed consistent growth, and by 1992, the GAP brand had

become one of the largest selling apparel brands in the world, and also one of the most

famous international companies in the world.

26.      Gap owns, uses, and has registered worldwide the world-famous name and

mark GAP in connection with its retail clothing business.  Plaintiffs own registrations for

GAP and GAP-formative marks in more than 120 countries worldwide; these marks

include THE GAP, THE GAP & Design, GAP, GAP (stylized), GAP.COM, GAP KIDS,

BABY GAP, GAP ATHLETIC, and GAP BODY & Design, among others (collectively,

the "GAP Marks").  Gap's wholly-owned subsidiary, Gap (Apparel) LLC, owns the GAP

Marks in the United States, and other Gap entities own the foreign registrations for the

GAP Marks.

27.      Gap owns more than 130 active registrations and applications for the GAP

Marks in the United States, including the following:  U.S. Reg. No. 944,941 (THE GAP,

issued October 10, 1972); U.S. Reg. No. 944,942 (THE GAP (stylized), issued October

{F0841381.2 }

10, 1972); U.S. Reg. No. 1,055,151 (THE GAP (stylized), issued December 28, 1976);

U.S. Reg. No. 1,097,038 (THE GAP (and design), issued July 18, 1978); U.S. Reg. No.

1,129,295 (GAP (stylized), issued January 15, 1980); U.S. Reg. No. 1,675,154 (BABY

GAP, issued February 11, 1992); U.S. Reg. No. 1,744,610 (GAP KIDS & Design, issued

January 5, 1993); U.S. Reg. No. 1,808,207 (GAP (stylized), issued November 30, 1993);

U.S. Reg. No. 1,950,476 (GAP ATHLETIC, issued January 23, 1996); U.S. Reg. No.

2,020,312 (GAP, issued December 3, 1996); U.S. Reg. No. 2,431,833 (GAP & Design,

issued February 27, 2001); U.S. Reg. No. 2,496,372 (GAP KIDS & Design, issued

October 9, 2001); U.S. Reg. No. 2,540,610 (GAP.COM, issued February 19, 2002); U.S.

Reg. No. 2,578,821 (GAP KIDS & Design, issued June 11, 2002); U.S. Reg. No.

2,638,121 (GAP & Design, issued October 22, 2002); U.S. Reg. No. 2,668,050 (GAP

BODY, issued December 31, 2002); U.S. Reg. No. 2,826,536 (THE GAP (and design),

issued March 23, 2004); U.S. Reg. No. 2,826,537 (THE GAP (stylized), issued March 23,

2004); U.S. Reg. No. 2,855,822 (GAP, issued June 22, 2004).  True and correct copies of

these trademark registrations are attached collectively at **Exhibit D**.

28.      Gap also owns more than 60 active registrations and applications for the

GAP Marks in India, including the following:  Reg. No. 552,967 (GAP, issued June 19,

1991); Reg. No. 552,968 (GAP, issued June 19, 1991); Reg. No. 642,539 (GAP, issued

October 10, 1994); Reg. No. 966,948 (GAP, issued October 30, 2000); Reg. No.

1,068,248 (GAP, issued December 20, 2001); Reg. No. 1,249,748 (GAP, issued

November 13, 2003); Reg. No. 1,359,050 (GAP EDITION, issued May 20, 2005); Reg.

No. 1,370,275 (BABY GAP, issued July 11, 2005); Reg. No. 1,370,276 (GAP KIDS,

issued July 11, 2005); Reg. No. 1,378,531 (GAP, issued August 19, 2005); Reg. No.

7

1,378,532 (BABY GAP, issued August 19, 2005); Reg. No. 1,378,533 (GAP and Design, issued August 19, 2005); Reg. No. 1,594,689 (GAP, issued August 24, 2007); Reg. No. 1,644,409 (GAP KIDS, issued January 22, 2008); Reg. No. 1,644,410 (GAP KIDS, issued January 22, 2008); Reg. No. 1,644,411 (GAP KIDS, issued January 22, 2008); Reg. No. 1,644,412 (GAP KIDS, issued January 22, 2008); Reg. No. 1,644,413 (GAP KIDS, issued January 22, 2008); Reg. No. 1,644,414 (GAP KIDS, issued January 22, 2008); Reg. No. 1,644,415 (GAP KIDS, issued January 22, 2008); Reg. No. 1,644,416 (GAP BODY, issued January 22, 2008); Reg. No. 1,644,417 (GAPY BODY, issued January 22, 2008); Reg. No. 1,644,418 (GAP KIDS, issued January 22, 2008); Reg. No. 1,644,419 (GAP KIDS, issued January 22, 2008); Reg. No. 1,644,420 (GAP, issued January 22, 2008); Reg. No. 1,644,421 (GAP, issued January 22, 2008); Reg. No. 1,644,422 (GAP, issued January 22, 2008); Reg. No. 1,644,423 (GAP, issued January 22, 2008); Reg. No. 1,644,424 (BABY GAP, issued January 22, 2008); Reg. No. 1,644,425 (BABY GAP, issued January 22, 2008); Reg. No, 1,644,426 (BABY GAP, issued January 22, 2008); Reg. No. 1,644,427 (BABY GAP, issued January 22, 2008); Reg. No. 1,644,428 (BABY GAP, issued January 22, 2008); Reg. No. 1,644,429 (BABY GAP, issued January 22, 2008); Reg. No. 1,644,430 (BABY GAP, issued January 22, 2008); Reg. No. 1,644,431 (BABY GAP, issued January 22, 2008); Reg. No. 1,644,969 (GAP KIDS and Design, issued January 23, 2008); Reg. No. 1,644,970 (GAP and Design, issued January 23, 2008); Reg. No. 1,644,971 (GAP and Design, issued January 23, 2008); Reg. No. 1,644,972 (GAP and Deign, issued January 23, 2008); Reg. No. 1,644,973 (GAP and Design, issued January 23, 2008); Reg. No. 1,644,974 (GAP and Design, issued January 23, 2008); Reg. No. 1,644,975 (GAP and Design, issued January

{F0841381.2 }

23, 2008); Reg. No. 1,644,976 (BABY GAP and Design, issued January 23, 2008); Reg.

No. 1,644,977 (BABY GAP and Design, issued January 23, 2008); Reg. No. 1,644,978

(BABY GAP and Design, issued January 23, 2008); Reg. No. 1,644,979 (GAP KIDS and

Design, issued January 23, 2008); Reg. No. 1,644,980 (GAP KIDS and Design, issued

January 23, 2008); Reg. No. 1,644,981 (GAP KIDS and Design, issued January 23,

2008); Reg. No. 1,644,982 (GAP KIDS and Design, issued January 23, 2008); Reg. No.

1,644,983 (GAP KIDS and Design, issued January 23, 2008); Reg. No. 1,644,984 (GAP

KIDS and Design, issued January 23, 2008); Reg. No. 1,644,985 (GAP KIDS and

Design, issued January 23, 2008); Reg. No. 1,644,986 (GAP KIDS and Design, issued

January 23, 2008); Reg. No. 2,004,374 (GAP 1969, issued August 5, 2010); Reg. No.

2,072,605 (GAP 1969, issued December 22, 2010).

29.     Pursuant to Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b), the

U.S. trademark registrations serve as *prima facie* evidence of the validity of the registered

GAP Marks, of Gap's ownership of the registered marks, and of Gap's exclusive right to

use the registered marks in connection with the goods and services identified in the

registrations.  Further, the above registrations have become incontestable under Section

15 of the Lanham Act, 15 U.S.C. § 1065, and therefore serve as conclusive evidence of

the validity of the registered marks, of the registration of the marks, and of Gap's

exclusive right to use the marks in commerce on or in connection with the goods and

services for which the mark is registered.

30.     Gap operates Web sites under the domain names GAP.COM,

GAPKIDS.COM, and BABYGAP.COM, registered on September 12, 1993, January 9,

{F0841381.2 }

1995, and September 22, 1997, respectively.  True and correct copies of the WhoIs

database search results for those domain names are submitted herewith at **Exhibit E.**

31.     Currently, Gap has more than 150,000 employees and operates more than

1,540 stores in the United States, Canada, France, Great Britain, Ireland, and Japan.

These include Gap, Gap Outlet, Baby Gap, Gap Generation, Gap Body and Gap Kids.

32.     In the 2010 fiscal year, the net sales for the GAP brand in the United

States were nearly U.S. $3.5 billion.

33.     The GAP Marks are famous: Gap has used the GAP trademark since at

least as early as 1969 in connection with retail clothing store services, and has owned a

federal trademark registration for the GAP mark since 1980, well before TGE registered

the defendant domain.  Gap has devoted substantial resources to advertise and promote its

services and products under the GAP Marks, and the GAP Marks embody the substantial

goodwill that Gap has earned as a result of providing high quality services and products.

In addition to its own advertising and promotion efforts, Gap has been the subject of

thousands of articles in the media, including in national and international print, radio, and

television.

34.     The fame of the GAP Marks is well-recognized:  For example, the 2006

Interbrand (a leading branding consultancy) and Business Week "Best Global Brands"

survey ranked Gap at 52 and estimated the brand's worth at $6.4 billion dollars.  *See*

**Exhibit F.**  In 2010, Fortune magazine recognized Gap as one of world's seven most

admired companies among specialty retailers. (*See* http://money.cnn.com/magazines/

fortune/mostadmired/2010/snapshots/3024.html).  The United States Patent and

Trademark Office also has found that the "GAP trademarks are famous and thus entitled

{F0841381.2 }

to a broad scope of protection." *See* **Exhibit G** at 14, Trademark Trial and Appeal Board Decision Sustaining Opposition to Application to Register GAP ONE; *see also Gap, Inc. v. G.A.P. Adventures Inc.*, 07 CIV. 9614 AKH, 2011 WL 2946384 (S.D.N.Y. June 24, 2011) (calling GAP "one of the most famous and recognizable brands in the United States.") (attached at **Exhibit G**).

35.     Gap uses the GAP Marks on or in its product labels, stores, shopping bags, and advertising.  Gap also uses the Gap Marks on its official Web site at *www.gap.com*. A copy of the home page from the Gap Web site as it appeared on August 10, 2011 is attached at **Exhibit H**.

36.     Products sold under the GAP Marks include clothing for men, women, teenagers, children, and babies; leather products; accessories (*e.g.*, handbags and backpacks); fragrances and cosmetic products, including soaps, perfumes, body lotions, shower gels, and lip gloss; bath products such as towels, sponges, and toothbrushes; home products including sheets, blankets, and candles; paper products; notebooks; cards; picture frames; jewelry; toys; sunglasses; pillows; and confectionary products.

37.     Gap promotes its brands and products worldwide, and has spent hundreds of millions of dollars through the years in advertisement and promotion.  The GAP brand is advertised in magazines distributed worldwide, including *Allure, Arena, Bazaar, Conde Nast Traveler, Details, Elle* (UK), *Elle* (US), *Esquire, Glamour, Gourmet, GQ, Home & Garden, InStyle, Interview, Mademoiselle, Marie Claire, Metropolitan Home, New York Times Magazine, Non-no, Premiere, Rolling Stone, Self, Seventeen, Spin, Time, Tokyo Walker, Vanity Fair* (UK), *Vanity Fair* (US), *Vibe, Vogue* (UK), *Vogue* (US), and many others.

{F0841381.2 }

38.     Through its advertising efforts, millions of consumers worldwide associate the GAP Marks with quality, value, and consistency.  The strength of the GAP brand has been proven by Gap's ability to extend its brand into Gap Kids, Baby Gap, Gap Scents, Gap Body, and Gap Maternity.

**B.     Use of the *thegap.com* Domain Name**

39.     The domain name *thegap.com* incorporates Plaintiffs' GAP mark in its entirety and merely adds to it the generic article "the".  The domain name is thus confusingly similar to the GAP mark.

40.     Using the *thegap.com* domain name, TGE redirects visitors to one of two websites, located either at *www.attentionshoppers.us.com* or at *www.bigbrandgiftcardrewards.com*, that are designed to deceive consumers into believing that these website belong to Gap or are affiliated with or sponsored by Gap.  *See* **Exhibit I**, which contains true and correct copies of the websites accessed through *thegap.com* domain name on August 10, 2011.

41.     More specifically, the *thegap.com* domain name forwards visitors to sites that promise a substantial gift card to Gap's stores in exchange for entry of personal information and completion of unidentified "sponsor offers."  *See* **Exhibit I**.  If a visitor attempts to leave either site, a warning pops up on the screen that, if closed, redirects to a third website (*www.best-giveaways*.com) containing yet another scheme.  *See* **Exhibit J**, which contains true and correct copy of the website described above, as accessed on August 10, 2011.

42.     Upon information and belief, the websites associated with *thegap.com* domain name are set up with a fraudulent purpose, which may include gathering of

12

visitor's personal information for re-sale to third parties or inducing the visitors to purchase third-party products in exchange for a promise of a Gap gift card, or both.

43.     The two websites to which *thegap.com* domain name redirects its visitors contain the GAP Marks and images of Gap's giftcards.

44.     Neither TGE nor the websites associated with *thegap.com* domain name are affiliated with Gap in any way, nor did they receive authorization or permission from Gap to use the GAP Marks in any manner, including in connection with the domain name *thegap.com* and the websites associated therewith.

45.     Upon information and belief, TGE has engaged in and is continuing to engage in the above conduct willfully and deliberately, with full knowledge of Gap's prior and exclusive rights in the GAP Marks, and with the intent to misappropriate Gap's goodwill in the GAP Marks and deceive consumers into believing that the websites are connected with Gap.

C.      **Harm to Gap**

46.     The above-described conduct of TGE is likely to cause confusion, to cause mistake or to deceive consumers as to the source, origin or sponsorship of the *thegap.com* website, and wrests from Gap the ability to control the use of the GAP name and the GAP Marks and the valuable goodwill therein.

47.     The aforesaid conduct is causing, and unless enjoined will continue to cause, immediate and irreparable injury to Gap and to the goodwill and reputation of the GAP marks.

13

## CLAIM FOR RELIEF –
## VIOLATION OF ANTICYBERSQUATTING
## CONSUMER PROTECTION ACT
## (15 U.S.C. § 1125(d))

48.     Gap repeats and realleges Paragraphs 1 through 47 as if fully set forth herein.

49.     Gap's GAP Marks were distinctive at the time of the registration of the *thegap.com* domain name.

50.     Without authorization from Gap, TGE has registered and is using the domain name *thegap.com* (the "Infringing Domain Name"), which is confusingly similar to Gap's federally registered GAP Marks.

51.     Upon information and belief, TGE had full knowledge of Gap's prior rights in the GAP Marks when it secured registration for the Infringing Domain Name.

52.     TGE has registered and is using the Infringing Domain Name with the bad faith intent to profit from the GAP Marks.  Upon information and belief, the Infringing Domain Name has been used by TGE with the bad faith intent to reap the benefit of the goodwill in the GAP Marks, to divert consumers to the infringing websites for TGE's own commercial gain and to otherwise profit from unauthorized use of the GAP Marks.

53.     The aforesaid acts and conduct constitute cyberpiracy in violation of the Anticybersquatting Consumer Protection Act, Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

54.     The unauthorized registration and use of the Infringing Domain Name is causing immediate and irreparable injury to Gap and to the goodwill and reputation of the GAP Marks, and will continue to damage Gap and the GAP Marks unless the Court enjoins such use and transfers registration of the Infringing Domain Name to Gap.

{F0841381.2 }

**WHEREFORE,** Gap demands judgment as follows:

A.      That the Court order the *thegap.com* domain name to be registered in Gap's name; and

B.      That the Court order such other and further relief as the Court may deem just and proper.


Dated:  November 3, 2011                Respectfully submitted,

                                        JENNISON & SHULTZ, P.C.

                                        By

                                        John N. Jennison
                                        Virginia State Bar No. 36824
                                        JENNISON & SHULTZ, P.C.
                                        2001 Jefferson Davis Hwy., Suite 1102
                                        Arlington, Virginia 22202
                                        (703) 415-1640
                                        (703) 415-0788 (fax)
                                        *John@JennisonLaw.com*

                                        John P. Margiotta
                                        Alexander L. Greenberg
                                        FROSS ZELNICK LEHRMAN & ZISSU, P.C.
                                        866 United Nations Plaza
                                        New York, New York  10017
                                        Tel:  (212) 813-5900

                                        *Attorneys for Plaintiffs*

{F0841381 2 }