IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| The Gap, Inc. *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:11cv1199 (AJT/TRJ) |
| | ) | |
| Thegap.com | ) | |
| *an Internet Domain Name*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiffs' motion (no. 20) for default judgment against the defendant domain name. Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa) and (bb), plaintiffs were required to provide notice to the registrant via postal mail and e-mail, and also required by the court pursuant to the order of publication (no. 11) to publish notice by publishing a copy of the complaint in *The Washington Times* once within fourteen (14) days of the entry of the order. Plaintiffs sent several letters via e-mail and one letter via postal mail to the registrant of the domain name, both having been accomplished on November 15, 2011 (no. 6). Plaintiffs then published a copy of the order in *The Washington Times* on May 17, 2012 (no. 12). Plaintiffs received a single call in response to its various attempts at providing notice on November 8, 2011, from an individual claiming to represent the registrant of defendant domain name, The Gap Entertainment (no. 20). This individual offered to sell defendant domain name to plaintiffs and indicated that he would be in contact, but there has been no further contact with the registrant or

its purported agent, and plaintiffs have exhausted all measures to contact the registrant (no. 20).

The Clerk entered default on July 12, 2012 (no. 17).  Upon consideration of plaintiffs' motion

and the memorandum in support thereof, the magistrate judge makes findings as follows and

recommends that default judgment be entered in plaintiff Gap (Apparel), LLC's favor against the

defendant domain name.

## Jurisdiction and Venue

This court has jurisdiction pursuant to 28 U.S.C. § 1331, as this case arises under the

Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA").  There is *in rem*

jurisdiction over the defendant domain name pursuant to 15 U.S.C. § 1125(d)(2)(A), as the

defendant domain name violates plaintiff Gap (Apparel) LLC's registered marks, and plaintiffs

cannot obtain *in personam* jurisdiction over the defendant domain name's registrant, an entity of

unknown location that does not have any known contacts with this district.  Venue is proper

pursuant to 15 U.S.C. § 1125(d)(2)(A) and (C) because the domain name registry for the

defendant domain name (VeriSign, located in Dulles, Virginia) is located in this district.

## Standard

Federal Rule of Civil Procedure 55 permits the court to grant a motion for default

judgment where the well-pled allegations of the complaint establish plaintiff's entitlement to

relief, and where a defendant (or in a case such as this, a domain name's registrant) has failed to

plead or defend as provided by and within the time frames contained in the rules.  *Music City*

*Music v. Alfa Foods, Ltd.,* 616 F. Supp. 1001, 1002 (E.D. Va. 1985); Fed. R. Civ. P. 55.  By

defaulting, a defendant or registrant admits the plaintiff's well-pled allegations of fact, which

then provide the basis for judgment.  *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780

(4th Cir. 2001) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th

Cir. 1975)).  *See also DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008) (citing

*Ryan*); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006)

(default has effect of admitting factual allegations in complaint); *Marion County Court v. Ridge*,

13 F.2d 969, 971 (4th Cir. 1926) (default admits well-pled facts) (citations omitted).

### Factual Background

The well-pled allegations of the complaint establish the following facts:

Plaintiff The Gap, Inc. ("The Gap") is a Delaware corporation with its principal place of

business at 2 Folsom Street, 13th Floor, San Francisco, California 94105.  Compl. ¶ 2.  Plaintiff

Gap (Apparel), LLC ("Gap Apparel") is a California limited liability company with its principal

place of business at 2 Folsom Street, 13th Floor, San Francisco, California 94105.  Compl. ¶ 3.

The defendant domain name's registration information has been, at various times, either

incomplete or obscured, and mail sent to the registrant's address has been returned as

undeliverable (no. 20).  Because of this, plaintiffs are unable to determine the registrant's identity

or location (no. 20).

Plaintiff Gap Apparel is the owner of U.S. Trademark Registration Nos.: 944,941;

944,942; 1,055,151; 1,097,038; 1,129,295; 1,675,154; 1,744,610; 1,808,207; 1,950,476;

2,020,312; 2,431,833; 2,496,372; 2,540,610; 2,578,821; 2,638,121; 2,668,050; 2,826,536;

2,826,537; and 2,855,822.[1]  Compl. ¶ 27.  Gap Apparel also owns comparable marks in India.

Compl. ¶ 28.  Plaintiffs are involved in the retail clothing industry, have maintained a website at

Gap.com since September 1993, have more than 1,540 stores worldwide, and have used the Gap

---

[1] According to the Complaint, Gap (Apparel), LLC is a wholly owned subsidiary of The Gap, Inc., which owns the Gap marks in the United States.  Comp. ¶ 26.  That said, the report regarding the trademarks (no. 3) lists The Gap, Inc. as the owner of all of the marks in question. Plaintiffs' counsel clarified via telephone that the marks in question are in fact owned by Gap (Apparel), LLC.

mark since at least 1969.   Compl. ¶¶ 30-33.

Defendant domain name is located at "thegap.com," adding merely "the" to Gap Apparel's registered domain name and registered mark.  Compl. ¶ 39.  The defendant domain name redirects visitors to other websites that offer visitors gift cards to Gap stores if they provide personal information, even providing pictures of such gift cards with the Gap mark prominently depicted.  Compl. ¶¶ 40-41, 43; Compl. Exh. I.  Plaintiffs are not affiliated with defendant domain name and have not authorized the use of its marks in connection with defendant domain name.  Compl. ¶ 44.

## Discussion and Findings

Plaintiffs allege that defendant domain name violates the ACPA pursuant to 15 U.S.C. § 1125(d)(1)(A).  Accordingly, the burden is on plaintiffs to show that (1) the registrant of the defendant domain name "has a bad faith intent to profit" from the use of plaintiff's mark in the domain name; (2) plaintiff's mark is distinctive and was distinctive at the time of registration of the defendant domain name; and (3) the defendant domain name "is identical or confusingly similar to" plaintiff's mark.  15 U.S.C. § 1125(d)(1)(A).

15 U.S.C. § 1125(d)(1)(B)(i) provides a non-exhaustive list of nine factors to be considered when determining the existence of a "bad faith intent to profit."  Those factors are:

(I) the trademark or other intellectual property rights of the person, if any, in the domain name;

(II) the extent to which the domain name consists of the legal name of the person or a name that is otherwise commonly used to identify that person;

(III) the person's prior use, if any, of the domain name in connection with the bona fide offering of any goods or services;

(IV) the person's bona fide noncommercial or fair use of the mark in a site accessible under the domain name;

(V) the person's intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site;

(VI) the person's offer to transfer, sell, or otherwise assign the domain name to the mark owner or any third party for financial gain without having used, or having an intent to use, the domain name in the bona fide offering of any goods or services, or the person's prior conduct indicating a pattern of such conduct;

(VII) the person's provision of material and misleading false contact information when applying for the registration of the domain name, the person's intentional failure to maintain accurate contact information, or the person's prior conduct indicating a pattern of such conduct;

(VIII) the person's registration or acquisition of multiple domain names which the person knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks of others that are famous at the time of registration of such domain names, without regard to the goods or services of the parties; and

(IX) the extent to which the mark incorporated in the person's domain name registration is or is not distinctive and famous within the meaning of [15 U.S.C. § 1125(c)].

15 U.S.C. § 1125(d)(1)(B)(i).

First, the magistrate judge finds that the well-pled facts of the complaint establish that the registrant registered the defendant domain name with a bad faith intent to profit. The Gap mark in question is a distinctive mark known worldwide (see discussion below), and defendant domain name has merely added "the" to this mark, thereby intentionally creating a significant likelihood of confusion. It is clear that, by making fraudulent offers of Gap gift cards in exchange for personal information, the registrant is using its site and the sites to which it redirects visitors likely to illegally solicit such information. There is also no indication that the registrant undertakes any legitimate business activities through the use of defendant domain name. Further, the registrant is not using the defendant domain name to display a site that uses plaintiff's marks

in a bona fide noncommercial or fair use manner.  *Cf. Lamparello v. Falwell*, 420 F.3d 309, 320

(4th Cir. 2005) (use of a domain name for criticism constitutes bona fide noncommercial or fair

use under the ACPA).  The registrant is using defendant domain name solely for commercial

benefit, usurping plaintiff's goodwill and thereby potentially tarnishing that goodwill.

 The masking of its contact information through the use of a third party service also

supports a finding of bad intent on the part of the registrant.  Further, the fact that in response to

the notice provided regarding this lawsuit, a representative of the registrant of defendant domain

name contacted plaintiffs' counsel and offered to sell the domain name to plaintiff clearly

indicates that defendant domain name is maintained by the registrant as a money-making scheme,

rather than to conduct any legitimate business activities.

Second, the magistrate judge finds that plaintiff Gap Apparel's marks, which are

incorporated in the defendant domain name, are and were distinctive within the meaning of 15

U.S.C. § 1125(c) at the time of the registration of defendant domain name.  The Gap marks are

suggestive, in that they "connote[s], without describing," the goods and services provided by

plaintiffs, i.e., retail clothing products.  *Venetian Casino Resort, LLC v. venetiangold.com*, 380 F.

Supp. 2d 737, 742 (E.D. Va. 2005) (Lee, J.).  Suggestive marks are inherently distinctive.  *Id.* at

741 (citing *Sara Lee Corp. v. Kayser-Roth Corp.*, 81 F.3d 455, 464 (4th Cir. 1996)).

Accordingly, Gap Apparel's marks are distinctive.  Plaintiffs have been selling products under

the Gap name since 1969, and registered the first of these mark on October 10, 1972.  Compl. ¶

27.  Thus, the Gap Apparel marks were distinctive on March 18, 1994, when the defendant

domain name was registered (no. 20).

Third, the magistrate judge finds that the defendant domain name is confusingly similar

to the Gap mark.  The defendant domain name consists entirely of Gap Apparel's mark, with the

minor addition of the article "the" prior to the mark.  Further, on the pages to which defendant

domain name redirects visitors, gift cards and other banners depicting the Gap mark itself are

utilized.  This creates a very significant likelihood of confusion regarding a potential association

between defendant domain name and plaintiffs' business.

Fourth, the magistrate judge accordingly finds that plaintiff Gap (Apparel), LLC is

entitled to transfer of the defendant domain name pursuant to 15 U.S.C. § 1125(d)(2)(D)(i).

## Recommendation

The magistrate recommends that default judgment be entered against the defendant

domain name in favor of plaintiff Gap (Apparel), LLC, and that ownership of the defendant

domain name be transferred to plaintiff Gap (Apparel), LLC.

## Notice

By means of the court's electronic filing system, and by mailing a copy of this report and

recommendation to the registrant at its registered address, the parties are notified as follows.

Objections to this report and recommendation must be filed within fourteen (14) days of service

on you of this report and recommendation.  A failure to file timely objections to this report and

recommendation waives appellate review of the substance of the report and recommendation and

waives appellate review of a judgment based on this report and recommendation.


_____/s/_____
Thomas Rawles Jones, Jr.
United States Magistrate Judge


January 17, 2013
Alexandria, Virginia